UNITED STATES DISTRICT COURT                    **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BRENDAN D. DOOLEY and DONNA DOOLEY,  :      06 Civ. 5644 (JCF)
                                     :
                Plaintiffs,          :      MEMORANDUM
                                     :      AND  ORDER
     - against -                     :
                                     :
COLUMBIA PRESBYTERIAN MEDICAL CENTER,:
JAMES McMURTRY, III, M.D., J. GILBERT:
STONE, M.D., and MIN YIM, M.D. a/k/a :
SUNG C. YIM, M.D.,                   :
                                     :
                Defendants.          :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     This is a medical malpractice action in which the parties
consented to proceed before me for all purposes pursuant to 28
U.S.C. § 636(c).  Dr. James McMurtry, III, one of the defendants,
now moves pursuant to Rules 402 and 403 of the Federal Rules of
Evidence to preclude the admission of a consent order that Dr.
McMurtry entered into with the New York State Department of Health
Office of Professional Medical Conduct (the "OPMC").

Background

     On July 24, 1997, Dr. McMurtry performed lumbar surgery on
Brendan Dooley at Columbia Presbyterian Medical Center.
(Deposition of James G. McMurtry, III, M.D. dated June 10, 2009
("McMurtry Dep."), attached as Exh. B to Affidavit of Katharine G.
Hall dated July 17, 2009 ("Hall Aff."), at 50-51; Amended Complaint
("Am. Compl."), ¶ 39).  He performed another surgery on Mr.
Dooley's spine in May 2004.  (McMurtry Dep. at 94; Am. Compl., ¶

                                   1

56).  On August 12, 2005, a computed tomography scan showed that a foreign object had been inadvertently left between two of Mr. Dooley's vertebrae during the 1997 procedure.  (McMurtry Dep. at 118-21; Am. Compl., ¶ 45).   Following this discovery, the plaintiffs commenced suit against Columbia Presbyterian Medical Center, Dr. McMurtry, and others who provided services during the surgeries, asserting claims of negligence and medical malpractice.

Meanwhile, in February 2005, a former patient of Dr. McMurtry's filed a complaint against him with the OPMC, alleging that Dr. McMurtry failed to properly document the site of a spinal surgery that he performed in August 2001.  (McMurtry Dep. at 19-21; Consent Agreement and Order, attached as part of Exh. A to Hall Aff., at Exh. A).  Dr. McMurtry did not contest this accusation of improper record-keeping.   Instead, he signed a consent order agreeing to cooperate with all disciplinary measures taken by the OPMC, including the suspension of his medical license.  (Consent Agreement and Order at 2).  At a deposition in this action on June 10, 2009, however, Dr. McMurtry disputed the earlier charges. According to Dr. McMurtry, he only signed the consent order because he was about to retire from the practice of medicine and did not wish to burden himself with contesting the allegations at that time.  (McMurtry Dep. at 21-24).

The defendants now seek to preclude the plaintiffs from offering into evidence, cross-examining the defendants about, or

otherwise referring to the consent order during the trial of this case.

Discussion

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.  Evidence is prejudicial, for the purposes of Rule 403, when it "tends to have some adverse effect upon a [party] beyond tending to prove the fact or issue that justified its admission into evidence."  United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006).  To justify exclusion, "the prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to [render a decision] on the basis of conduct not at issue in the trial."  Id.

In medical malpractice actions, collateral evidence of misconduct by a physician is routinely excluded under Rule 403 when it does not pertain to the doctor's violation of the standard of care.  See White v. United States, 148 F.3d 787, 792 (7th Cir. 1998) (upholding exclusion from malpractice action of evidence of defendant doctor's misrepresentation of credentials); Carofino v. Forester, No. 03 Civ. 6258, 2008 WL 1700194, at *3 (S.D.N.Y. April 7, 2008) (precluding evidence in malpractice case regarding facts underlying conviction of defendant doctor for fraudulent billing of

insurer for services purportedly rendered to plaintiff); <u>Gotlin v.</u>
<u>Lederman</u>, 367 F. Supp. 2d 349, 364 (E.D.N.Y. 2005) (excluding
agreement reached between defendant and New York State Department
of Health resulting in censure and fine for doctor's release of
health information about another patient).

In the same vein, in <u>Maraziti v. Weber</u>, 185 Misc. 2d 624, 713
N.Y.S.2d 821 (Sup. Ct. Dutchess Co. 2000), a New York state court
confronted precisely the same question presented here: whether to
admit evidence of prior OPMC disciplinary proceedings against a
defendant being sued for medical malpractice arising from unrelated
facts.  In ruling that such evidence was inadmissible, the court
explained that

> information from reports of OPMC unrelated to the instant
> case would be of marginal relevance at best, but would be
> likely to unduly prejudice the jury. The jury should not
> be provided the opportunity, or be impliedly encouraged,
> to assume that the facts underlying one incident would
> necessarily govern a finding about a subsequent incident,
> solely because the two events are substantively similar.

<u>Id.</u> at 626, 713 N.Y.S.2d at 822.  To force the defendant "to
justify any and all prior acts of alleged medical misconduct
regardless of how serious, trivial, or relevant they might or might
not be" would be fundamentally unfair and distracting to the jury.
<u>Id.</u>

Although the <u>Maraziti</u> case was decided under New York state
law, its logic is applicable here.  In this case, the plaintiffs
seek to introduce evidence related to prior allegations of poor

4

record-keeping brought against Dr. McMurtry.  As noted above, the
2005 proceeding involved a different patient and a wholly different
type of alleged error: whereas the errors alleged there were
administrative, the errors alleged here involve serious,
substantive defaults in the provision of medical care.  Indeed,
there is little or no relationship between the facts of the prior
proceeding and those giving rise to the instant lawsuit.  As in
<u>Maraziti</u>, the consent order and related evidence are, at best, only
marginally relevant to the instant medical malpractice lawsuit.[1]

    More importantly, admitting that evidence would unduly
prejudice Dr. McMurtry and threaten to confuse or distract the
jury.  Dr. McMurtry would be forced to simultaneously defend
against two separate sets of claims, inviting a distracting "mini-
trial" into the course of the main proceedings.  <u>See</u> <u>Maraziti</u>, 185
Misc. 2d at 626, 713 N.Y.S.2d at 822.  Moreover, as the facts
underlying the consent order and the reasons that Dr. McMurtry
decided to sign it are contested, the jury would have to resolve
these tangential issues before it could consider the probative
value of the consent order in relation to the central issues in the
case.  Under these circumstances, whatever significance this
evidence might have is "substantially outweighed by the danger of

---

[1] Although the plaintiffs now allege that Dr. McMurty failed
to properly keep records related to Mr. Dooley's care (Memorandum
of Law in Opposition to Defendant's Motion <u>In</u> <u>Limine</u> at 5), such
accusations are clearly tangential to the core claims of medical
malpractice advanced against Dr. McMurtry.

unfair prejudice, confusion of the issues, or misleading the jury,"

thus warranting exclusion.  Fed. R. Evid. 403.

Conclusion

    For the reasons set forth above, Dr. McMurtry's motion in
limine is granted.

                              SO ORDERED.

                              James C. Francis IV

                              JAMES C. FRANCIS IV
                              UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 29, 2009

Copies mailed this date:

Katharine G. Hall, Esq.
John J. Bailly, Esq.
Bailly and McMillan, LLP
244 Westchester Avenue
White Plains, New York   10604

John O'Sullivan, Esq.
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
3 Gannett Drive
White Plains, New York 10604

6